II. Remedies Available at Law
"Environmental injury, by its nature, can seldom be adequately remedied by money damages." Amoco Prod. Co. v. Vill.of Gambell , 480 U.S. 531, 545, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987). Both parties assert that this element is not at issue in this case. The Court need not assess the adequacy of other remedies available at law under the second prong.
III. Balance of Hardships
Under the third prong, the Court must assess the "balance of hardships between the plaintiff and defendant." Monsanto , 561 U.S. at 157, 130 S.Ct. 2743. The balance of hardships between the parties favors the Plaintiffs with regard to construction and operation of Keystone. Plaintiffs have demonstrated irreparable injury with respect to actual construction and operation of Keystone. Monsanto , 561 U.S. at 157, 130 S.Ct. 2743.
TransCanada argues that hardship would occur if the Court were to halt Paragraph 18 activities. TransCanada cites jobs related to preconstruction activities, the potential of missing the 2019 construction season, and financial injury. TransCanada argues that preconstruction activities represent almost 700 American jobs. TransCanada further argues that delay in the project construction would result in lost earnings of approximately $ 949 million. Finally, TransCanada argues that delay in the construction schedule will impact contracts it has with third parties. (Doc. 216-1.)
Plaintiffs point to the temporary and self-inflicted nature of TransCanada's hardships. Plaintiffs argue further that environmental concerns outweigh TransCanada's alleged economic harms. The Ninth Circuit long has determined that "when environmental injury is sufficiently likely, the balance of harms will usually favor the issuance of an injunction to protect the environment." Save Our Sonoran, Inc. v. Flowers , 408 F.3d 1113, 1125 (9th Cir. 2005) ; Nat'l Parks & Conservation Ass'n v. Babbitt, 241 F.3d 722, 738 (9th Cir. 2001) (economic harm if injunction issued does not outweigh potential irreparable damage to environment);
*1052 Northern Alaska Envtl. Ctr.v. Hodel , 803 F.2d 466, 471 (9th Cir. 1986) (more than pecuniary harm must be shown to outweigh environmental harm).
Environmental concerns with respect to the NEPA process outweigh TransCanada's pecuniary interest. Paragraph 16-17 activities, and Paragraph 18 survey activities required to supplement the EIS process, related tasks, and security efforts, will not be affected by the injunction. Other tasks related to Paragraph 18 activities, however, will be affected during the NEPA review process. This factor weighs in favor of a limited modification of the scope of the injunction.
IV. Public Interest
Fourth, TransCanada argues that a broad injunction would upset the public interest. "The public interest analysis involves weighing the importance of preserving the environment, following the rule of law, and avoiding environmental damage to the public against the economic interests of [Defendants]" Mont. Envtl. Info Ctr. v. U.S. Office of Surface Mining , 2017 WL 5047901, at *5 (D. Mont. Nov. 3, 2017). TransCanada argues that the Department's ROD and National Interest Determination ("NID") support the public's interest in the pipeline. (Doc. 216 at 12.)
TransCanada argues that the ROD/NID concluded that Keystone would support energy security, maintain relations with Canada, provide jobs, and boost the economy. The Court must balance economic interests of the Defendants, however, against potential environmental damage to the public. See Mont. Envtl. Info Ctr. , 2017 WL 5047901, at *5. NEPA relies on public disclosure of information about potential environmental impacts to assure that the "most intelligent, optimally beneficial decision will ultimately be made." Or. Nat. Desert Ass'n v. Bureau of Land Mgmt. , 625 F.3d 1092, 1099-100 (9th Cir. 2010).
Plaintiffs have met their burden with regard to the public's interest in ensuring that the Department conduct a complete environmental review before construction and operation of Keystone. Monsanto , 561 U.S. at 157, 130 S.Ct. 2743. The public possesses an interest in the Department's compliance with NEPA's environmental review requirements and informed decision-making. See Colorado Wild , 523 F.Supp.2d at 1222.
CONCLUSION
The four-factor Monsanto test warrants an injunction. Plaintiffs have demonstrated that irreparable harm will result from the construction and operation of Keystone before full environmental review has been conducted, consistent with the Court's Summary Judgment Order. (Doc. 211.) Plaintiffs also have demonstrated that irreparably injury could occur if the following Paragraph 18 activities occurred:
(1) Preparation of off-right-of-way pipe storage and contractor yards;
(2) Transportation, receipt and off-loading of pipe at off-right-of-way storage yards;
(3) Preparation of sites for off-right-of-way worker camps; and
(4) Mowing and patrolling areas of the right-of-way to discourage migratory bird nesting.
Plaintiffs do not contend that the following Paragraph 18 activities should be enjoined, and the Court determines that they shall be permitted:
(1) Cultural, biological, civil and other surveys; and
(2) Maintaining security at sites.
*1053 ORDER
IT IS ORDERED Defendants may conduct activities as defined in Paragraphs 16-17 of the Ramsay Declaration. (Doc. 216-1 at 6-7.) Further, Defendants may conduct cultural, biological, civil and other surveys, and may maintain security at project sites, as set forth in Paragraph 18 of the Ramsay Declaration. Id. at 7. All remaining preconstruction activities outlined in Paragraph 18 shall continue to be enjoined in accordance with the Court's Summary Judgment Order until the Department has complied with its NEPA and APA obligations and the Department has issued a new ROD. (Doc. 211.)
TransCanada's Motion to Amend (Doc. 215) is GRANTED IN PART . The injunction is narrowed in accordance with this Order. The remainder of the Court's Summary Judgment Order (Doc. 211) and Final Judgment (Doc. 212), shall remain in full force and effect.